<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLIA BRADY,<br><br>     Plaintiff,<br><br>v.<br><br>TOWNSHIP OF WOODBRIDGE, *et al.*,<br><br>     Defendants. | Civil Action No. 19-17868 (SDW) (ESK)<br><br>**WHEREAS OPINION**<br><br>January 12, 2022 |

  **THIS MATTER** having come before this Court upon Defendants Township of Woodbridge, Director Robert Hubner, Lieutenant Brian Murphy, Detective Sean Grogan, Sergeant Walter Bukowski, Lieutenant James Mullarney, and Officer Robert Bartko's (collectively, "Defendants") Motions for Reconsideration (D.E. 87–91) of this Court's July 29, 2021 Opinion (D.E. 85 ("Opinion"))[1] denying Defendants' Motions for Judgment on the Pleadings, and this Court having reviewed Defendants' joint brief in support of their Motions for Reconsideration (D.E. 87-2) and Plaintiff Carlia Brady's ("Plaintiff") brief in opposition (D.E. 101); and

  **WHEREAS** a party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be

---

[1] This Court summarized Plaintiff's factual allegations and the procedural history of this case in its Opinion and does not repeat them here.

granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (citations omitted).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** in their Motions for Judgment on the Pleadings, Defendants argued that Plaintiff's claim for malicious prosecution was collaterally estopped by factual determinations made by the New Jersey Supreme Court in *Matter of Brady*, 243 N.J. 395 (2020).  (*See* D.E. 51-6 at 6–17.)  Defendants also argued that the claim was collaterally estopped because (1) a grand jury indicted Plaintiff, (2) the trial court denied her motion to dismiss the indictment's hindering charges, and (3) the Superior Court of New Jersey, Appellate Division, affirmed the trial court's decision in *State v. Brady*, 172 A.3d 550 (2017).  (*See* D.E. 51-6 at 17–21); and

**WHEREAS** in its Opinion, this Court held that, although the New Jersey Supreme Court's factual findings are entitled to preclusive effect, the New Jersey Supreme Court declined to make certain factual findings that are necessary to decide Plaintiff's claim for malicious prosecution, including (1) whether Woodbridge police tampered with Plaintiff's voicemails, (2) whether Plaintiff's failure to be forthcoming with the police was criminal, and (3) whether certain defendants presented false testimony to the judge who signed the Complaint-Warrants for

Plaintiff's arrest and to the grand jury in her criminal case. (*See* Opinion at 8–10.) This Court also held that the Appellate Division's decision did not preclude Plaintiff from proving a claim for malicious prosecution, noting that (1) although the indictment by a grand jury created a presumption of probable cause, that presumption can be rebutted by a finding that Defendants presented false testimony to the grand jury, and (2) the trial court did not make any judicial findings concerning Plaintiff's guilt or innocence of the hindering charges. (*See id.* at 10–11); and

**WHEREAS** in the instant Motions for Reconsideration, Defendants argue that this Court erred in its Opinion by: (1) failing to hold that the New Jersey Supreme Court's factual determinations in *Matter of Brady* collaterally estop Plaintiff's claim for malicious prosecution; (2) failing to hold that Defendants had probable cause based on the Appellate Division's decision in *State v. Brady*; (3) failing to find that individual defendants who testified before the grand jury are entitled to absolute immunity from 42 U.S.C. § 1983 claims arising from their testimony; and (4) failing to hold that Plaintiff did not satisfy all elements of a malicious prosecution claim. (*See* D.E. 87-2); and

**WHEREAS** Defendants' third argument—that the police officers are entitled to absolute immunity from § 1983 claims arising from their grand jury testimony—is not one that Defendants raised in their Motions for Judgment on the Pleadings.[2] "[M]otions for reconsideration 'are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers.'" *Dwyer v. Blue Sea Prod., LLC*, Civ. No. 18-15182, 2020 WL 1441616,

---

[2] Defendants incorrectly state that "[i]n the motion for judgment on the pleadings, Defendants also argued that officers who testify before a Grand Jury are entitled to absolute immunity." (D.E. 87-2 at 12 (citing cases).) In the underlying motions, Defendants only argued that they were entitled to *qualified* immunity. (*See* D.E. 51-6 at 23–27; D.E. 77-2 at 13–14.) This Court considered and rejected that argument. (*See* Opinion at 12 (declining to "grant qualified immunity to the individual officers on the pleadings while material fact issues remain to be resolved").) Defendants did not include their new argument for absolute immunity, (D.E. 87-2 at 12–13), in their briefs in support of their Motions for Judgment on the Pleadings. In fact, the term "absolute immunity" does not appear anywhere in those briefs. (*See* D.E. 51-6, 77-2.)

3

at *3 (D.N.J. Mar. 23, 2020) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)).  Denial is warranted on this basis alone.  *See id.* (citing cases); and

**WHEREAS** even if this Court were to grant Defendants absolute immunity for knowingly misleading a grand jury to secure an indictment against Plaintiff, Plaintiff could still succeed on her claim for malicious prosecution on other grounds.  In addition to alleging that Defendants knowingly misled a grand jury, the Amended Complaint alleges that Defendants (1) knowingly misled a judge to secure Complaint-Warrants against Plaintiff, and (2) knowingly tampered with and destroyed potentially exculpatory evidence, including Plaintiff's voicemails and their original recording device.  (*See* Opinion at 12 (citation omitted).)  "These allegations, if proven, could show that Defendants violated Plaintiff's clearly established rights, without probable cause and without a reasonable belief in the existence of probable cause."  (*Id.* (citation omitted)); and

**WHEREAS** the remainder of Defendants' Motions for Reconsideration fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its decision, or an error of fact or law that, if left uncorrected, would result in manifest injustice.  Instead, Defendants repeat arguments that this Court addressed and rejected on previous motions; therefore

Defendants' Motions for Reconsideration will be **DENIED**.  An appropriate order follows.


                                                s/ *Susan D. Wigenton*
                                                **SUSAN D. WIGENTON**
                                                **UNITED STATES DISTRICT JUDGE**


Orig:  Clerk
cc:    Parties
       Edward S. Kiel, U.S.M.J.

4