# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **CARLIA BRADY,**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**TOWNSHIP OF WOODBRIDGE,** *et al.***,**<br><br>      **Defendants.** | **Case No. 19–cv–17868–SDW–ESK**<br><br><br>**OPINION AND ORDER** |

**KIEL, U.S.M.J.**

    **THIS MATTER** having come before the Court on plaintiff Carlia Brady's application (Application) to compel the production of the internal affairs files for defendants Robert Hubner, Brian Murphy, Sean Grogan, Walter Bukowski, Robert Bartko, and James Mullarney (Police Officer Defendants) for the entirety of their employment with the police department for the defendant Township of Woodbridge; and the Police Officer Defendants opposing the Application;[1] and the Court finding:

    1. The parties are by now familiar with the underlying facts and allegations in this case. (*See* ECF No. 2 (amended complaint filed in September 2019); ECF No. 21 (April 2020 opinion of District Judge Susan D. Wigenton granting in part and denying in part defendants' motion to dismiss); ECF No. 39 (August 2020 order of Judge Wigenton clarifying the holding of the April 2020 opinion); ECF No. 85 (July 2021 opinion of Judge Wigenton denying defendants' separate motions for judgment on the pleadings); ECF No. 102 (January 2022 opinion of Judge Wigenton denying defendants' separate motions for reconsideration of the July 2021 opinion).) I will not restate those facts and allegations here. However, it is worth noting that Judge Wigenton has ruled on three separate occasions that the amended complaint to the extent it contains allegations pertaining to Brady's claims for malicious prosecution against the

---

[1] The Application has been extensively briefed and argued. (*See* ECF No. 127 pp. 1–6 (Brady's May 10, 2023 letter); ECF No. 133 pp. 2–13 (Police Officer Defendants' May 26, 2023 letter); ECF No. 137 pp. 10–16 (Brady's June 19, 2023 letter); ECF No. 139 pp. 62–70 (transcript of the June 26, 2023 hearing); ECF No. 147 pp. 20, 21, 27, 28 (transcript of the September 5, 2023 hearing).)

Police Officer Defendants remains viable. (*See* ECF No. 21 p. 4; ECF No. 39 p. 3; ECF No. 85 p. 11.)

2. The parties disagree over the extent to which the Police Officer Defendants' internal affairs files (IA Files) are discoverable. Brady continues to argue in support of her Application "that we are entitled to the entire IA [F]iles for just the named [Police Officer] [D]efendants for the entirety of their career." (ECF No. 147 p. 20; *see also* ECF No. 139 pp. 62, 63 (arguing same); ECF No. 127 p. 1 (Brady requesting the "Internal Affairs and Disciplinary files for the Defendant Officers … from their dates of hire to present").) In opposition, the Police Officer Defendants argue that the production of all of their IA Files "should be denied as investigations unrelated to [Brady's] claims and those after her date of loss cannot be shown … to be the moving force behind the alleged malicious prosecution of [Brady]." (ECF No. 133 p. 11.)

3. As the scope of discovery in federal litigation is broad, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and information sought by the parties need not be admissible at trial if it is reasonably calculated to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1). A court may nonetheless limit discovery of relevant information, and thus "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

4. The Application will be granted. The recent case law in the District of New Jersey is clear. When a plaintiff's claims against a defendant police officer for malicious prosecution are viable, the plaintiff is entitled to the complete internal affairs file for that officer because it is probative and relevant. *See Wiggins v. City of Trenton*, No. 11-05366, 2013 WL 1145483, at *2 (D.N.J. Mar. 18, 2013) (directing the production of the police officer defendants' entire internal affairs files where the plaintiff asserted claims of, *inter alia*, malicious prosecution); *see also Alfone v. Town of Boonton*, No. 15-06656, 2017 WL 4366981, at *6 (D.N.J. Sept. 29, 2017) (same); *Groark v. Timek*, 989 F.Supp.2d 378, 382, 391, 397 (D.N.J. 2013) (same); *Dawson v. Ocean Twp.*, No. 09-06274, 2011 WL 890692, at *22 (D.N.J. Mar. 14, 2011) (same); *Jones v. Derosa*, 238 F.R.D. 157, 164 (D.N.J. 2006) (same); *Foley v. Boag*, No. 05-03727, 2006 WL 6830911, at *1–*3 (D.N.J. May 31, 2006) (same).[2] Indeed, "the answer to whether the [Police Officer Defendants' IA Files] are relevant is a resounding yes," and "the Court is

---

[2] *See also Foley v. Boag*, No. 05-03727, ECF No. 44 p. 1 (D.N.J. June 12, 2006) (emphasizing that the defendants were to produce "[c]opies of *all* internal affairs files maintained by the [defendant police department] for internal affairs investigations of complaints against [the police officer defendants]" (emphasis added)).

at a loss to find a credible basis to argue that [their] IA files are irrelevant." *Groark*, 989 F.Supp.2d at 393.

5. In addition, the production of the IA Files strictly as to the Police Officer Defendants is not unduly burdensome or overly broad. I also find that "the balance of protecting internal affairs files against [Brady's] right to assert a civil rights claim weighs in favor of [Brady] in this case." *Dawson*, 2011 WL 890692, at *22. This production shall also include the contents of the IA Files for incidents that arose after the incident at issue in this case. *See Groark*, 989 F.Supp.2d at 397, 398.

6. Perhaps the parties' counsel can confer to permit the Police Officer Defendants to exclude portions of the IA Files addressing minor infractions from the production. For instance, the parties could agree that the Police Officer Defendants will produce a list of all complaints lodged against them with a factual summary of each complaint, from which Brady may in turn request the IA Files pertaining to the complaints of interest. *See Wiggins*, 2013 WL 1145483, at *1, *2 (stating the plaintiff was able to limit the requests for production after reviewing a list of the internal affairs files' contents from the defendants); *cf. Gunter v. Twp. of Lumberton*, No. 07-04839, 2009 WL 10728094, at *1 (D.N.J. Sept. 23, 2009) (excluding from the production of internal affairs files only those files concerning traffic stops, off-duty conduct, sleeping on duty, and general demeanor issues following an *in camera* review). However, I understand Brady's concern that permitting the Police Officer Defendants to self-summarize the infractions could be problematic, as Brady alleges that the defendant Township of Woodbridge's "IA department was a complete sham." (ECF No. 127 p.1.) As a result, if the parties cannot quickly come to an agreement, the better course would be for the Police Officer Defendants to promptly produce their IA Files in their entirety. *See Castellani v. City of Atlantic City*, 102 F.Supp.3d 657, 665, 671 (D.N.J. 2015) (holding the "[p]laintiff is not required to rely solely on [the defendant municipality's] interpretation or characterization of its internal investigative process as described in any particular IA file," and that the plaintiff should not "be forced to accept [the municipality's] conclusions in the IA reports without any means or avenues of independently verifying the accuracy of the reports," and thus the municipality "shall produce all of the IA files of the [d]efendant [o]fficers").

7. A discovery confidentiality order has been in place since January 2021. (ECF No. 67.) To the extent that a further discovery confidentiality order specifically pertaining to the Police Officer Defendants' IA Files may be necessary, I direct the parties to confer and to submit a proposed order by December 4, 2023. (*See* ECF No. 133 pp.12, 13 (Police Officer Defendants requesting the entry of a revised discovery confidentiality order if the Application

were to be granted).)  I encourage the parties to refer to the form order provided by the Local Civil Rules under Appendix S as a model.  The IA Files must be redacted to exclude any confidential information such as Social Security numbers, taxpayer identification numbers, birth dates, the names of minors, financial information, or medical information.  *See Groark*, 989 F.Supp.2d at 399, 400; *see also* Fed.R.Civ.P. 5.2; L.Civ.R. 5.3. Brady must execute an appropriate confidentiality agreement limiting disclosure of the Police Officer Defendants' IA Files to third parties prior to the production of those IA Files.

8. I remind the parties that my decision pertains to the Police Officer Defendants' IA Files only.  I have made no rulings here concerning any internal affairs files for the other police officers employed by the Township of Woodbridge. *See Castellani*, 102 F.Supp.3d at 664 n.5 (noting same in directing the production of the entire internal affairs files for the police officers named as defendants).

Accordingly,

**IT IS** on this   **27th** day of **November 2023**   **ORDERED** that:

1. The Application is **GRANTED**.  Defendants shall produce the Police Officer Defendants' IA Files by December 20, 2023.

2. The parties shall submit a revised proposed discovery confidentiality order concerning the Police Officer Defendants' IA Files, to the extent it may be necessary, by December 4, 2023.

3. The parties are reminded of the in-person status conference scheduled for **December 4, 2023 at 10:30 a.m.**   (ECF No. 151.)

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**