<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLIA BRADY<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF WOODBRIDGE, *et al.*,<br><br>Defendants. | Civil Action No. 19-17868 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>April 20, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Carlia Brady's ("Plaintiff") Motion for Reconsideration (D.E. 315) filed in connection with this Court's December 15, 2025 Opinion (D.E. 306 ("Opinion")) granting summary judgment and dismissing Plaintiff's claims against Defendants Township of Woodbridge ("Woodbridge") and Robert Hubner ("Hubner"), and this Court having reviewed Plaintiff's brief in support of her Motion for Reconsideration[1] (D.E. 315) and Defendants' brief in opposition (D.E. 322); and

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* Motions for reconsideration are "extremely limited

---

[1] Plaintiff is not entitled to file a reply brief in support of her Motion for Reconsideration, therefore this Court did not consider it.

procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 185, 189 (D.N.J. 2013); and

**WHEREAS** in the instant Motion for Reconsideration, Plaintiff argues that this Court erred in its Opinion by: (1) misapplying Third Circuit precedent and (2) overlooking and mischaracterizing the record before this Court. (*See* D.E. 315 at 1.)  Specifically, Plaintiff argues that this Court misapplied *Beck v. City of Pittsburgh*, 89 F.3d 966 (3d Cir. 1996) by treating its illustrative record as a mandatory evidentiary benchmark. (*Id.* at 7.)  First, this Court rejects Plaintiff's argument that this Court treated *Beck* as an evidentiary benchmark and finds no error in its application of *Beck*.  Rather, this Court's analysis of *Beck* highlighted the deficiencies in the expert report relied upon by Plaintiff and Plaintiff's failure to establish causation between any purported custom or policy and her claims; and

**WHEREAS** Plaintiff further argues that this Court overlooked material evidence discussed in her expert report and mischaracterized the record in dismissing her claims against Woodbridge and Hubner.  In making such an argument, Plaintiff does not identify the availability of new evidence but instead points to previously considered evidence already in the record.  *See, e.g.*, *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020) ("A motion for reconsideration . . . does not entitle a party to a second bite at the apple.  Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion."); *Millan v. Town of Harrison*, No. 20-2241, 2024 WL 4189352, at *3 (D.N.J. Sept. 12, 2024) (denying a motion for reconsideration where the plaintiff did not present "anything new" and his citations to the record supported the court's prior holding).  This Court considered the relevant evidence before it and additionally determined that

the expert report was deficient for the reasons previously stated in its December 15, 2025 Opinion; and

**WHEREAS** the remainder of Plaintiff's Motion for Reconsideration fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice; therefore,

Plaintiff's Motion for Reconsideration is **DENIED**.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:       Leda D. Wettre, U.S.M.J.
           Parties